## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEANNA SCARBO** | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| **WISDOM FINANCIAL, d/b/a East Coast Funding Group, Inc., TRANSUNION, EXPERIAN and EQUIFAX, CREDIT ONE BANK, LVNV FUNDING LLC, d/b/a Resurgent Capital Services, MAJOR FINANCIAL CORPORATION, CAPITAL BANK NA and U.S. DEPT OF EDUCATION, d/b/a GLEL** | : : : : : : : NO. 20-5355 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                        **July 22, 2021**

Deanna Scarbo, acting *pro se*, brings this action against three credit reporting agencies (CRAs) and six furnishers of credit information to the CRAs. She claims that the defendants violated the Fair Credit Reporting Act (FCRA) and Fair Debt Collection Practices Act by failing to correct inaccuracies after she disputed them.

Moving to dismiss under Federal Rule of Civil Procedure 12(b)(2), M.A.J.R. Financial Corporation (MAJR), a furnisher, contends that because it does not have sufficient contacts with and has not purposefully directed conduct at the Commonwealth of Pennsylvania, we may not exercise personal jurisdiction over it. Scarbo maintains that MAJR is subject to personal jurisdiction because it participated in interstate commerce, established a contractual relationship with her, and systematically furnished information to CRAs based in Pennsylvania. We conclude that Scarbo has not met her burden of establishing the existence of either general or specific personal jurisdiction over MAJR. Therefore, we shall grant MAJR's motion to dismiss.

**Background**

Scarbo created an account with My Jeweler's Club, a Colorado corporation, on February 28, 2019.[1] Scarbo purchased two pieces of jewelry from My Jeweler's Club's website, but never received them.[2] Her account and its associated line of revolving credit[3] was automatically assigned to MAJR, another Colorado corporation.[4] Eventually, My Jeweler's Club "confirmed 1 item was returned to them," but never refunded her.[5] She was informed by an employee of My Jeweler's Club that she had "a PAST DUE delinquent balance with Majr [sic] Financial that needs to be paid before your account reports negatively" on April 19, 2019.[6] She contends that the balance was incorrect because she was entitled to a refund or credit for the amount she had paid towards her balance.[7]

In June 2020, after her application for educational financing was denied, Scarbo discovered what she believed were several reporting errors.[8] Over the following months, Scarbo "engaged in written and electronic communications" with the CRAs and furnishers in an attempt to correct the inaccuracies.[9] She disputed MAJR's tradeline "with the

---

[1] Pl.'s Resp. to Def. MAJR's Mot. to Dism. at 1 (ECF No. 89).

[2] *Id.* at 1-2.

[3] MAJR's Mot. to Dism. Ex. 1 (Revolving Credit Contract) (ECF No 82-4).

[4] MAJR's Mot. to Dism. Ex. A at 2 (Rogers Declaration) (ECF No. 82-4).

[5] *Id.*; *see also* Pl.'s Opp to Def. MAJR's Mot. to Dism. Ex. B (My Jeweler's Club Chat) (ECF No. 89-1).

[6] *See* My Jeweler's Club Chat.

[7] Pl.'s Resp. to Def. MAJR's Mot. to Dism. at 1-2.

[8] Am. Compl. at 1 (ECF No. 35).

[9] *Id.*

Consumer Reporting Agencies in July 2020, and again via the CFPB in October 2020."[10] She claims that MAJR "proceeded to report late payments and an incorrect balance amount that should have been satisfied [by her] initial deposit. . . ."[11] Despite her efforts, the tradeline continued to appear in her credit reports.[12]

## Personal Jurisdiction Standards

Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of proving, by a preponderance of the evidence, facts establishing a basis for the exercise of jurisdiction. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330, 336 (3d Cir. 2009) (citing *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992)). In considering a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), as we do with a motion to dismiss for failure to state a claim under Rule 12(b)(6), we accept as true the plaintiff's allegations and draw all reasonable inferences in favor of the plaintiff. *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018) (citing *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007)). However, unlike with Rule 12(b)(6), the scope of review under Rule 12(b)(2) is not limited to the face of the pleadings. *Patterson by Patterson v. FBI*, 893 F.2d 595, 603–04 (3d Cir. 1990) (citation omitted) (holding Rule 12(b)(2) motion is "inherently a matter which requires resolution of factual issues outside the pleadings"). Once a defendant challenges personal jurisdiction, the plaintiff must "prove by affidavits or other

---

[10] Pl.'s Resp. to Def. MAJR's Mot. to Dism. at 2.

[11] *Id.*

[12] *Id.*

3

competent evidence" that jurisdiction is proper. *Metcalfe*, 566 F.3d at 330 (citation omitted).

If there is no evidentiary hearing on the jurisdictional facts in dispute, the plaintiff need only establish a *prima facie* case of personal jurisdiction. *Shuker*, 885 F.3d at 780. To determine whether the plaintiff has made this *prima facie* showing, we assume all factual allegations in the affidavits and other evidence submitted to be true and construe all factual disputes in the plaintiff's favor. *Metcalfe*, 566 F.3d at 331, 333.

There are two types of personal jurisdiction, general and specific. The focus of general jurisdiction is on the relationship between the defendant and the forum state, not on the relationship of the claims to the forum. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1780 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The specific jurisdiction inquiry focuses on the relationship of the litigation to the defendant's contacts with the forum. *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

Before exercising personal jurisdiction over a nonresident, a district court must conduct a two-step analysis. *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010). First, there must be a statutory basis under the law of the forum state for exercising jurisdiction. *Walden*, 571 U.S. at 283 (citing *Daimler AG v. Bowman*, 571 U.S. 117, 125 (2014)); Fed. R. Civ. P. 4(k)(1)(A). Second, the nonresident must have sufficient minimum contacts with the forum state to satisfy constitutional due process. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017).

*Statutory Basis for Jurisdiction*

Pennsylvania's long-arm statute provides for general jurisdiction over a corporation that was incorporated in Pennsylvania, is a foreign company registered to do business in Pennsylvania, consents to suit, or carries on a "continuous and systematic part" of its business in Pennsylvania. 42 Pa. C.S. § 5301(a)(2)(i)-(iii). When personal jurisdiction is premised on this section of the Pennsylvania long-arm statute, any cause of action may be asserted against the defendant whether or not it arises from acts forming the basis of jurisdiction. *Id.* § 5301(b).

*Minimum Contacts with Pennsylvania*

A statutory basis for the exercise of personal jurisdiction alone is not sufficient. The exercise of jurisdiction must also be consistent with the limits imposed by the Due Process Clause of the Fourteenth Amendment. *Walden*, 571 U.S. at 283 (citing *Daimler*, 571 U.S. at 125). To meet this standard, the plaintiff must establish that "certain minimum contacts" exist between the nonresident defendant and the forum so that the exercise of jurisdiction will "not offend 'traditional notions of fair play and substantial justice.'" *Tyrrell*, 137 S. Ct. at 1558 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).

General jurisdiction over a foreign corporation exists where its "affiliations with the [forum] State are so 'continuous and systematic' as to render [it] essentially at home" there. *Tyrrell*, 137 S. Ct. at 1558 (quoting *Daimler*, 571 U.S. at 127). Once these contacts are established, the defendant can be answerable for any claim even if the subject matter of the cause of action has no relationship to the forum. *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (citing *Goodyear*, 564 U.S. at 919).

5

Specific jurisdiction arises when the cause of action is related to or arises out of the defendant's contacts with the forum and the plaintiff's injury in the forum is related to those contacts. *Id*. (quoting *Daimler*, 571 U.S. at 127). The specific jurisdiction inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Walden*, 571 U.S. at 283–84 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984) (internal quotations omitted)).

There are three requirements for the exercise of specific jurisdiction over a nonresident defendant. First, the defendant's conduct must have been purposefully directed at the forum state, resulting in contacts with the forum. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881, 883 (2011) (minimum contacts require "contact with and activity directed at" the forum state) (citations omitted). Second, the plaintiff's claim must arise out of or relate to those contacts. *Walden*, 571 U.S. at 284 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Third, if the first two requirements are met, the court considers whether the exercise of jurisdiction otherwise comports with "fair play and substantial justice." *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (quoting *Burger King*, 471 U.S. at 476).

The first two requirements assess whether a defendant has the requisite minimum contacts with the forum. Although the purposeful direction requirement does not require physical presence in the forum, it does require that the defendant created the contacts with the forum state. *Walden*, 571 U.S. at 284–85 (citing *Burger King*, 471 U.S. at 475–76). The defendant's contacts must be with the forum state itself, not just "with persons who reside there." *Id.* at 285 (citing *Int'l Shoe*, 326 U.S. at 319). In other words, "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the

6

defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id*. at 285–86 (citing *Burger King*, 471 U.S. at 478).

The relatedness requirement does not demand a strictly causal connection between the defendant's activities and the effects of that activity in the forum. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021). However, the relationship among the defendant, the forum, and the litigation "must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Walden*, 571 U.S. at 284 (citing *Burger King*, 471 U.S. at 475) (emphasis in original). There must be an "affiliation between the forum and the underlying controversy" that is connected to the defendant's conduct. *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (quoting *Goodyear*, 564 U.S. at 919).

The plaintiff's contacts are not relevant. Only the defendant's contacts are analyzed. Thus, no matter how significant the plaintiff's contacts are, they are not "decisive in determining whether the defendant's due process rights are violated." *Walden*, 571 U.S. at 285 (quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)).

### Discussion

*General Jurisdiction*

Scarbo argues that MAJR is subject to personal jurisdiction because it engaged in interstate commerce and because it "engaged in routine and systematic consumer reporting to TransUnion."[13]

Engaging in the stream of interstate commerce is not enough to establish general personal jurisdiction. *See Goodyear,* 564 U.S. at 927. The defendant must engage in

---

[13] *See* Pl.'s Resp. to Def. MAJR's Mot. to Dism. at 4-5.

"continuous and systematic" contacts with Pennsylvania so that it may fairly be considered "essentially at home" here.  *See Daimler*, 571 U.S. at 127 (quoting *Goodyear*, 564 U.S. at 919).

MAJR was incorporated in and has its principal place of business in Colorado.[14]  It has no offices outside of the state.[15]  It has not registered to do business in and has never advertised, "marketed or promoted any sales of any products or services in Pennsylvania."[16]  It does not maintain a "business listing, telephone number, or business address in Pennsylvania" and does not have any employees, officers, agents, or representatives operating in the state.[17]  Nor has it consented to personal jurisdiction in Pennsylvania.[18]  Thus, there is no basis for general personal jurisdiction.

*Specific Jurisdiction*

Scarbo argues that we may exercise specific jurisdiction over MAJR because it entered into a revolving credit agreement with her and attempted to collect the debt it was owed.[19]  According to her, MAJR caused her financial harm by "failing to furnish complete and accurate account data that related to the merchandise it shipped to or later received from Pennsylvania" and that this conduct "[f]ormed the basis of Plaintiff's claims against

---

[14] Rogers Decl. at ¶ 6.

[15] *Id.* at ¶ 7.

[16] *Id.* at ¶ 11.

[17] *Id.* at ¶¶ 8,10.

[18] *Id.* at ¶ 14.

[19] Pl.'s Resp. to Def. MAJR's Mot. to Dism. at 4.

8

it."[20]  MAJR contends that we do not have specific jurisdiction over it because it has not purposefully directed any conduct at Pennsylvania related to Scarbo's claims.

In order to establish specific jurisdiction over a defendant, it must engage in conduct that is purposefully directed at the forum state. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. at 881, 883.  The relationship between the defendant, the forum, and the litigation "must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Walden*, 571 U.S. at 284 (citing *Burger King*, 471 U.S. at 475) (emphasis in original).  The defendant's contacts must be with the forum state itself, not just "with persons who reside there." *Id.* at 285 (citing *Int'l Shoe*, 326 U.S. at 319).  In other words, "the plaintiff cannot be the only link between the defendant and the forum.  Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* at 285–86 (citing *Burger King*, 471 U.S. at 478).  Here, MAJR "has never advertised in Pennsylvania or marketed or promoted any sales of any products or services in Pennsylvania;" does not maintain a "business listing, telephone number, or business address in Pennsylvania;" and does not have any employees, officers, agents, or representatives operating in the state.[21]

Scarbo's contracting with MAJR does not establish specific jurisdiction.  The contract states that "the agreement has been deemed to have been made in Colorado."[22]  Merely contracting with a forum resident is insufficient to establish specific jurisdiction. *Burger King*, 471 U.S. at 478.

---

[20] *Id.*

[21] Rogers Decl. at ¶¶ 8,10-11.

[22] Revolving Credit Contract at ¶ 31.

That MAJR may have "attempted to collect money each month to satisfy the agreement" does not establish specific jurisdiction.[23]  Although mail and telephone contacts with the plaintiff may count towards "minimum contacts" with the forum, more than minimal communication between a nonresident defendant and a resident plaintiff is required to satisfy the purposeful direction requirement.  *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 n.3 (3d Cir. 1998) (citing *Carteret*, 954 F.2d at 149 ("minimal correspondence alone will not satisfy minimum contacts.")).

There are no allegations of any specific conduct by MAJR that connects it with the forum.  For us to exercise specific jurisdiction, there must be an "affiliation between the forum and the underlying controversy" that is connected to the defendant's conduct. *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (quoting *Goodyear*, 564 U.S. at 919).  MAJR's few communications with Scarbo, a forum resident, are insufficient to establish specific jurisdiction with the forum.  *See Walden*, 571 U.S. at 285 (citing *Int'l Shoe*, 326 U.S. at 319).  We conclude that Scarbo has failed to show that MAJR has established minimum contacts with Pennsylvania.

## Conclusion

Scarbo has not shown that MAJR is subject to either general or specific personal jurisdiction.  Therefore, we shall grant MAJR's motion to dismiss.

---

[23] Pl.'s Resp. to Def. MAJR's Mot. to Dism. at 4.